UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CONNIE B. BYARS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-845 |
| | § | |
| HOME DEPOT U.S.A., INC., | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Pending before the Court is Defendant Home Depot U.S.A., Inc.'s ("Home Depot") Motion for Summary Judgment (Doc. 9) against Plaintiff Connie B. Byars ("Byars"). No response to the motion has been filed; thus, under Local Rule 7.4, the motion is deemed unopposed. Having considered the motion, the facts in the record, and the applicable law, the Court concludes that the motion is granted and dismisses Byars's case.

**I.   Background**

This is a personal injury case. On March 24, 2012, Byars went to a Home Depot store in Huntsville, Texas to buy thin-set tile grout. (Original Pet. ¶ 4, Doc. 1-3). She selected two fifty-pound bags and asked a Home Depot employee for help loading them onto her flatbed cart. (Byars Dep., Doc. 9-1 at 11). After waiting some time, Byars asked another employee for the same help. (*Id*. at 12–13). Despite the employees' assurances that help as on the way, thirty minutes lapsed and Byars decided to load the thin-set herself. (*Id*. at 13). While moving the second bag, she felt a pain in her back. (*Id*. at 14). At the checkout, Byars asked the cashier for help getting the thin-set into her cart. (*Id*. at 15). She waited for twenty minutes before deciding to push the cart to her car by herself. (*Id*.). As she was loading the bags, two female employees

offered assistance. (*Id*.). Byars initially rejected their offer, but eventually let the employees assist her in completing the task. (*Id*. at 16).

On December 4, 2012, Byars filed her Original Petition in state court, alleging that Home Depot's negligence in not providing assistance in loading and unloading the thin-set caused her back injury. Home Depot timely removed the action to this Court and moved for summary judgment. Hope Depot argues that it did not owe a duty to assist Byars and that Byars negated the element of proximate cause by loading and unloading the thin-set by herself.

## II.     Legal Standard

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The substantive law governing the claims determines the elements essential to the outcome of the case and thus determines which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment may not be awarded by default simply because the non-movant failed to respond. *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). However, "the district court may accept as undisputed the facts set forth in support of the motion for summary judgment to the extent it is unopposed." *Lewis v. Cont'l Airlines, Inc.*, 80 F. Supp. 2d 686, 694 (S.D. Tex. 1999).

## III.    Discussion

In order to prevail on her negligence claim, Byars must prove that (1) Home Depot owed a duty to assist her in loading the thin-set; (2) Home Depot breached that duty; and (3) the breach caused her back injury. *See Werner v. Colwell*, 909 S.W.2d 866, 869 (Tex. 1995).

*A.     Duty*

"Whether a duty exists is a question of law for the court to decide under the facts surrounding the occurrence in question." *Lefmark Mgmt. Co. v. Old*, 946 S.W.2d 52, 53 (Tex. 1997). "Liability for injury on business premises may be found under either a premises defect theory or a negligent activity theory." *Wal-Mart Stores, Inc. v. Garza*, 27 S.W.3d 64, 67 (Tex. App.—San Antonio 2000, no pet.). The premises defect theory only applies when "the alleged injury results from the condition of the premises." *Plainview Motels, Inc. v. Reynolds*, 127 S.W.3d 21, 34 (Tex. App.—Tyler 2003, no pet.). Conversely, "[n]egligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury[.]" *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010). "Recovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity." *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992); *see also Wal-Mart*, 27 S.W.3d at 67. When analyzing a claim under a negligent activity theory, the court must focus on the defendant's activities and not those of the plaintiff, "which relate to the issue of contributory negligence." *Plainview Motels*, 127 S.W.3d at 35.

Byars fails to allege negligence under either theory. She does not allege that any condition or defect of the store's premises caused her injury. Nor does she allege that she was injured by any affirmative, contemporaneous conduct by anyone at Home Depot. To the contrary, Byars admits that her injury resulted from personally moving heavy bags of thin-set after she decided that she had waited long enough. (Doc. 9-1 at 13). Home Depot did not refuse to help Byars. Its failure, if any, was in not helping quickly enough. This failure does not constitute affirmative conduct; nor does it encompass the malfeasance required by the negligent

activity theory of liability. *See Del Lago Partners*, 307 S.W.3d at 776; *see also H.E. Butt Food Stores, Inc. v. Vera*, 516 S.W.2d 287, 289 (Tex. Civ. App.—San Antonio 1974, no writ) ("Certainly there is no statutory duty, and we know of no common law duty, requiring a grocery store employee to carry purchased groceries to a customer's car."). Based on the uncontested facts, Byars failed to prove that Home Depot owed her a legal duty.

### B. Proximate Cause

Summary judgment can also be granted on causation. Assuming that Home Depot did in fact have a legal duty, the breach of that duty was not the proximate cause of Byars's back injury. Proximate cause consists of two parts: cause-in-fact and foreseeability. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995). A cause-in-fact is an act or omission that was "a substantial factor in bringing about the injury which would not otherwise have occurred." *Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 775 (Tex. 1995), *abrogated on other grounds by Ford Motor Co. v. Ledesma*, 242 S.W.3d 32 (Tex. 2007). "Where the initial act of negligence was not the active and efficient cause of [the] plaintiff['s] injuries, but merely created the condition by which the [injury] could occur, the resulting harm is too attenuated from the defendant['s] conduct to constitute the cause in fact of [the] plaintiff['s] injuries." *IHS Cedars Treatment Ctr. of DeSoto, Texas, Inc. v. Mason*, 143 S.W.3d 794, 799 (Tex. 2004). "At some point in the causal chain, the defendant's conduct or product may be too remotely connected with the plaintiff's injury to constitute legal causation." *Union Pump*, 898 S.W.2d 773 at 775.

Based on the undisputed evidence, the "active and efficient" cause of Byars's injury was her decision not to wait for an employee to help her move two heavy bags of thin-set. Home Depot's failure to provide rapid assistance may have "created the condition by which the [injury]

could occur," but Byars's back injury was "too attenuated" from Home Depot's omission to constitute causation.

Because Byars cannot prove that Home Depot owed her a legal duty or that Home Depot's breach of any legal duty was the proximate cause of her injuries, her negligence claim fails.

### IV. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Defendant Home Depot U.S.A., Inc.'s Motion for Summary Judgment (Doc. 9) is **GRANTED**, and Plaintiff Connie B. Byars's case is **DISMISSED**.

Final Judgment will be entered by separate document.

SIGNED at Houston, Texas, this 14th day of July, 2014.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE